IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

In Re:  Lott, Charles Dennis,    )    Case No. 17-12124-M
                                 )    Chapter 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY
AND ABANDONMENT OF PROPERTY, OR ALTERNATIVELY
SEEKING ADEQUATE PROTECTION AND BRIEF IN
SUPPORT THEREOF, DISCLOSURE STATEMENT
AND NOTICE OF OPPORTUNITY FOR HEARING**

Comes now MARK WHITEHEAD, Personal Representative of the Estate of Clara Lee Shawn, Deceased, (hereinafter referred to as Movant) and pursuant to the provisions of Title 11 U.S.C. §§ 631, 632 and 554, moves the Court to grant it relief from the automatic stay and order of abandonment of the subject property, or in the alternative, to require Debtor to provide adequate protection of Movant's interest in certain collateral.

In Support of its Motion, Movant alleges and states as follows:

1. That the original maker, for a good and valuable consideration, made, executed and delivered to the Payee, a certain written purchase money promissory note; a true copy of said note and endorsements thereon, if any, is hereto attached, marked "Exhibit A"; and made a part hereof.

2. As a part of the same transaction, and to secure payment of said note and the indebtedness represented thereby, the said makers, being then the owner of said property hereinafter described, made, executed and delivered to the Movant:

    Surface and surface rights only in and to:
    SE/4 Section 33, Township 18 North, Range 8 East of the Indian
    Base and Meridian, Creek County, State of Oklahoma, according
    to the US Government Survey thereof, containing 160 acres
    more or less.

A true and correct copy of said mortgage is attached hereto, marked "Exhibit B", and made a part hereof.

3. Movant is the current owner and holder of the note and mortgage above referenced.

4. Default has been made upon said note and mortgage. Movant filed a foreclosure action in Case No. B-CJ-2016-33 in the District Court of Creek County, Bristow Division. Movant obtained Default Judgment against Debtor and his wife, Loretta Beth Lott, on July 24, 2017. The total balance owed Movant upon said Judgment for principal, interest, attorney fees and costs is $350,998.59.

5. The lien of Movant constitutes a valid first mortgage against the subject property, prior and superior to any right, title, lien, estate of interest of the Debtor or any other party.

6. In addition to the sum owed to Movant as described in paragraph 4, the subject property is encumbered by a tax lien filed by the OTC in the principal sum of $21,316.01 together with interest from and after September 28, 2010. That lien is recorded in Book 732 at Page 1964 in the Creek County Clerk's office. Additionally, the subject property is encumbered by four (4) tax liens filed by the IRS in the total principal sum of $489,442.45 together with interest beginning May 18, 2010. Those liens are recorded in Book 722 at Page 432; Book 913 at Page 777; and, Book 922 at Pages 837 and 838, all recordings are in the Creek County Clerk's office.

7. The Debtor has no equity in the mortgaged property. Specifically, Debtor purchased the subject property from Movant for $515,000.00 in April, 2015, and the property appraised for $500,000.00 in the pending foreclosure action. The property is

encumbered by Movant's first mortgage and the tax liens in a sum in excess of $860,000.00.

8. The mortgaged property is not necessary to an effective reorganization.

9. Movant will suffer irreparable injury, loss and damage unless the automatic stay is terminated so as to permit Movant to commence with its action, or in the alternative, the Debtor be required to provide Movant with adequate protection of its interest in the mortgaged property.

10. The mortgaged property is burdensome to the estate or is of inconsequential value to the estate and it is therefore in the best interest of the estate and the Debtor that relief from the automatic stay be granted and that the mortgaged property be abandoned so as to permit Movant to proceed in State Court with an action.

11. You are hereby notified that you have 15 days from the date of the filing of this motion to file a written answer or objection to the requested relief. If no answer or objection is timely filed the Court may grant the requested relief without further notice. The 15 day period includes the 3 days allowed for mailing provided by Rule 9006(f) Fed. R. Bankr. Proc.

WHEREFORE, Movant moves this Honorable Court for an Order vacating or modifying the automatic stay herein as provided by 11 U.S.C. Section 362 and directing the Trustee herein to abandon the mortgaged property as authorized by 11 U.S. C. Section 554 as so to permit Movant and other interested parties to enforce their liens against the mortgaged property or in the alternative to Order the Debtor to provide Movant with adequate protection of its interest in the mortgaged property as required by 11 U.S.C. Section 361 and 362.

LOEFFLER, ALLEN & HAM

By: _____
Sam T. Allen, IV (OBA#232)
PO Box 230
Sapulpa, Ok 74067-0230
Attorney for Mark Whitehead,
Personal Representative
Sapulpa, Oklahoma

## NOTICE FOR OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the U.S. Bankruptcy Court for the Northern District, 224 S. Boulder Ave., Suite 105, Tulsa, Ok 74103, 15 days from the date of the filing of the request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned Movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response of objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 15 day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. Proc.

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2017, file stamped copies of the above and foregoing Motion were mailed, postage prepaid, to all parties on the attached service list.

_____
Sam T. Allen, IV

## INSTALLMENT NOTE

$315,000.00                                            Bristow, Oklahoma
                                         Date: April 2, 2015

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, in installments and at the times hereinafter stated, I, we, or either of us, jointly and severally, promise to pay to Mark Lee Whitehead, Personal Representative of the Estate of Clara Lee Shawn, deceased, or order, at P. O. Box 1115, Drumright, Oklahoma 74030, the principal sum of $315,000.00, with interest from date hereof on the amounts of principal remaining unpaid, at the rate of 7% per annum until paid. Principal and interest shall be payable in installments as follows:

$1,800.00 on the 2nd day of MAY, 2015, and $1,800.00 on the 2nd day of each and every month thereafter for 17 months, together with a final payment of all remaining principal and accrued interest due on the 2 day of October, 2016.

This Note is secured by a Purchase Money Real Estate Mortgage With Power of Sale of even date hereof covering:

Surface and Surface Rights Only In and to The SE/4 of Section 33, Township 18 North, Range 8 East of the Indian Base and Meridian, Creek County, State of Oklahoma, According To The U. S. Government Survey Thereof.

Each payment shall be credited first, on the interest then due, and the remainder on the principal sum, and interest shall thereupon cease upon the amount so paid on the principal sum. Should default be made in the payment of any of said installments when due and should the same remain past due for more than 15 days from the due date, then the whole sum of principal and interest shall become immediately due and payable at the sole option of the Holder of this note. Installments not paid when due shall accrue and draw interest at the rate of 7% per annum after their respective maturities until paid.

Makers agree to pay and satisfy any and all taxes, ad valorem taxes and special assessments of whatsoever nature, kind or character, which may be levied or assessed against said real property for 2015, and subsequent years, and, in the event that Makers do not satisfy the same, the Holder of this note may, at its sole option, pay the same, and said sum so paid by said Holder shall be added to the amount of principal due hereunder, together with interest thereon at the rate of 7% per annum, until paid.

Makers agree to keep and maintain the improvements upon said premises (to the extent that they may be insurable) adequately insured against loss from fire and windstorm and other hazards of the elements in the total amount of $315,000.00, with loss payable clause in favor of the Holder of this Note, and deliver all policies of such insurance to the said Holder, with proper evidence of Makers' payment of all premiums thereon, and, in the event that Makers do not maintain insurance thereon, the said Holder may, at its sole option, pay the same, and said sum so paid by said Holder, at the option of the Holder, may be added to the amount of principal due hereunder, together with interest thereon at the rate of 7% per annum, until paid, and the non-payment of said insurance by Makers shall constitute a default in this Note, and the whole sum of principal and interest shall become immediately due and payable at the sole option of the Holder of this note.

Exhibit "A"

The makers and endorsers hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest, and agree that extensions of the time for payment may be granted by the Holder hereof without notice. In case of legal proceedings to collect this note, or in case this note is handed to an attorney for collection, I, we, or either of us, agree to pay all reasonable attorneys fees. Makers shall have the right to pay any multiple of the installment at any installment payment date and shall have the right to prepay all or any part of this Note without penalty.

This Note shall not be assigned or assumed by any person or entity without the prior express written consent of the Holder.

_____Charles Lott_____  
Charles Dennis Lott

_____Loretta B Lott_____  
Loretta Beth Lott

Exhibit "A"

RECEIPT NO. 16002
Mortgage Tax Paid $ 103.00
This 2 day of April 2015
BYRON DAVIS, Co. Treas.
Deputy

## PURCHASE MONEY REAL ESTATE MORTGAGE WITH POWER OF SALE

*KNOW ALL MEN BY THESE PRESENTS* that Charles Dennis Lott and Loretta Beth Lott, husband and wife, hereinafter called Mortgagors, hereby mortgages to Mark Lee Whitehead, Personal Representative of the Estate of Clara Lee Shawn, deceased, hereinafter called Mortgagee, the following described real estate and premises, situated in the County of Creek, State of Oklahoma, to-wit:

> Surface and Surface Rights Only In and to
> The SE/4 of Section 33, Township 18 North, Range 8 East of the Indian Base and Meridian, Creek County, State of Oklahoma, According To The U. S. Government Survey Thereof,

together with all the improvements and appurtenances thereunto belonging (hereinafter referred to as the "Mortgaged Property"). Mortgagors warrant the title to same.

This Mortgage is given to secure the payment and/or performance of Mortgagors' Promissory Note or Notes of even date with principal sums, interest and maturity dates as follows, together with all renewals thereof:

> Promissory Note dated APRIL 2, 2015, in the principal sum of $315,000.00, bearing interest at the rate of 7% per annum, payable as follows: $1,800.00 on the 2nd day of May, 2015, and $1,800.00 on the 2nd day of each and every month thereafter for 17 months, together with a final payment of all remaining principal and accrued interest due on the 2 day of October, 2016.

Mortgagors further agree: (a) to pay the indebtedness and perform the obligations secured hereby as and when such payment or performance becomes due; (b) to pay and discharge all taxes and assessments before the same become delinquent; (c) to keep all improvements insured and under policies which are acceptable to and for the benefit of the Mortgagee; (d) to cure all title defects or clouds on or claims against Mortgagors' title which may arise or be discovered; (e) to keep all improvements in good condition and repair and to repair or replace any damaged or destroyed improvements; (f) to discharge any levies, liens, attachments, or other claims which may be asserted against the Mortgaged Property. In the event of the failure of the Mortgagors to fulfill the agreements of this paragraph, the Mortgagee may purchase insurance or pay taxes, assessments or other liens, and shall have a lien secured by this Mortgage for the amount thereof with interest thereon at the maximum rate of interest on any indebtedness secured hereby.

This Mortgage cannot be assumed by any third party without the prior express written consent of mortgagee.

Mortgagors hereby confer on Mortgagee the power to sell the real estate described herein and the interests of persons therein in the manner provided in the "Oklahoma Power of Sale Mortgage Foreclosure Act", (Title 46, Oklahoma Statutes, Sections 43 through 47). The Mortgagee, at its option, may either exercise the power of sale or foreclose this Mortgage as provided by law in the event the Mortgagors: (a) default in the payment of any indebtedness secured hereby; or (b) fail to perform any other covenant or agreement contained herein or in any other indebtedness, obligation or

I-2015-004646  Bk 0989  Pg 847
04/03/2015 8:08 amPg 0847-0848
Fee: $15.00  Doc: $0.00
Jennifer Mortazavi - Creek County Clerk
State of Oklahoma

Exhibit "B"

agreement of the Mortgagors to the Mortgagee; or (c) sell, convey, transfer, mortgage, hypothecate, or in any other manner cease to be the owners of all or any portion or interest of the Mortgaged Property. As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagors agree to pay to the Mortgagee a reasonable attorney's fee, in addition to other sums due, which shall be secured hereby. Upon the due payment of the indebtedness described above, and upon the performance of the other covenants and agreements hereof by the Mortgagors, this Mortgage shall become null and void, and discharged of record at the cost of the Mortgagee, which cost Mortgagee agrees to pay.

The Mortgagors, in the event of foreclosure hereunder, waive appraisement of said premises, or not, at the option of the Mortgagee to be declared when the Petition to Foreclose is filed or when judgment is taken.

"A power of sale has been granted in this mortgage. A power of sale may allow the Mortgagee to take the Mortgaged Property and sell it without going to court in a foreclosure action upon default by the Mortgagors under this Mortgage."

IN WITNESS WHEREOF, the Mortgagors have hereunto executed this Purchase Money Real Estate Mortgage With Power of Sale this 2 day of APRIL, 2015.

_Charles Lott_  _Loretta B Lott_
Charles Dennis Lott    Loretta Beth Lott

STATE OF OKLAHOMA,  )
                    : ss.
COUNTY OF CREEK.    )

The foregoing instrument was acknowledged before me this 2 day of APRIL, 2015, by Charles Dennis Lott and Loretta Beth Lott, husband and wife.

_signature_
Notary Public

My Commission Expires:
  10/4/2016
Commission No. 00014575

Official Seal
Rhea McGehee
Notary Public, State of Oklahoma
My Com. #00014575

I-2015-004646  Bk 0969  Pg 648
04/03/2015 8:08 am Pg 0647-0648
Fee: $15.00  Doc: $0.00
Jennifer Mortazavi - Creek County Clerk
State of Oklahoma



Exhibit "B"

```
Label Matrix for local noticing        Robert Brown                              USBA
1085-4                                  Brown Law Firm PC                        Attn:Bankruptcy
Case 17-12124-M                         715 S. Elgin Ave.                        Po Box 1929
Northern District of Oklahoma           Tulsa, OK 74120-4233                     Stillwater, OK 74076-1929
Tulsa
Mon Oct 30 10:28:18 CDT 2017

CHIEF OFC OF SPEC LITIGATION            Cach LLC                                 Capital One
US Dept of Justice-Tax Div              4340 South Monaco Street                 Attn: Bankruptcy
P.O. Box 7238                           Denver, CO 80237-3485                    Po Box 30253
Washington, DC 20044-7238                                                        Salt Lake City, UT 84130-0253


Creek County Treasurer                  Lonnie D. Eck                            First Premier
317 E. Lee Room 201                     P.O. Box 2038                            601 S Minneapolis Ave
Sapulpa, OK 74066-4325                  Tulsa, OK 74101-2038                     Sioux Falls, SD 57104


Internal Revenue Service                (p)JEFFERSON CAPITAL SYSTEMS LLC         Keith Ham
PO Box 7346                             PO BOX 7999                              PO Box 567
Philadelphia, PA 19101-7346             SAINT CLOUD MN 56302-7999                Bristow, OK 74010-0567


Charles Dennis Lott                     Mark Whitehead                           Mee, Mee, Hoge & Epperson, PLLP
11624 South 417th West Avenue           c/o Sam Allen                            50 Penn Place
Bristow, OK 74010-8754                  PO Box 230                               1900 NW Expressway, Ste 1400
                                        Sapulpa, OK 74067-0230                   Oklahoma City, OK 73118-1801


Midland Funding                         Office of the United States Trustee      Okla Empl. Sec. Comm.
Attn: Bankruptcy                        224 South Boulder Avenue                 P.O. Box 53039
Po Box 939069                           Suite 225                                Oklahoma City, OK 73152-3039
San Diego, CA 92193-9069                Tulsa, OK 74103-3026


Oklahoma Empl. Sec. Comm.               (p)OKLAHOMA TAX COMMISSION               Online Collections
PO Box 53039                            GENERAL COUNSEL S OFFICE                 Po Box 1489
Oklahoma City, OK 73152-3039            100 N BROADWAY AVE SUITE 1500            Winterville, NC 28590-1489
                                        OKLAHOMA CITY OK 73102-8601


(p)PROFESSIONAL DEBT MEDIATION          Rausch, Sturm, Israel, Enerson & Hornik  Santander Consumer USA
7948 BAYMEADOWS WAY                     9208 N. Kelley Ave.                      Po Box 961275
2ND FLOOR                               Oklahoma City, OK 73131-2419             Fort Worth, TX 76161-0275
JACKSONVILLE FL 32256-8539


St. John Medical Center                 Tulsa Adjustment Bureau                  Tulsa County Treasurer
Dept 606                                Tab                                      500 S. Denver
Tulsa, OK 74182-0606                    1754 Utica Square  Ste 283               Suite 323
                                        Tulsa, OK 74114-1400                     Tulsa, OK 74103-3840


U.S. Attorney                           US SEC & EXCHANGE COMM.                  Verizon
110 West Seventh Street                 Midwest Regional Office                  Verizon Wireless Bankruptcy Administrati
Suite 300                               175 W. Jackson Boulevard, Ste 900        500 Tecnolgy Dr Ste 500
Tulsa, OK 74119-1013                    Chicago, IL 60604-2815                   Weldon Springs, MO 63304-2225
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems, LLC<br>16 Mcleland Rd<br>Saint Cloud, MN 56303 | Oklahoma Tax Commission<br>120 N. Robinson - Suite 2000W<br>Oklahoma City, OK 73102-7801 | (d)Oklahoma Tax Commission<br>2501 N. Lincoln Blvd<br>Oklahoma City, OK 73103 |
| Professional Debt Mediation<br>7948 Bay Meadows Way<br>2nd floor<br>Jacksonville, FL 32256 | End of Label Matrix<br>Mailable recipients   29<br>Bypassed recipients    0<br>Total                 29 | |