**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

In Re:                              )
                                   )
CHARLES DENNIS LOTT      )
                                 )   Case No.   17-12124-M
                   Debtor.      )        (Chapter 13)

### TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

COMES NOW Lonnie D. Eck, Standing Chapter 13 Trustee for the Northern District of Oklahoma, and for his objection to confirmation of the proposed plan, states:

1.      The Debtor filed a Chapter 13 Plan (amended Plan preconfirmation) on January 19, 2018 [Doc. No. 37] (the "Plan").

2.      The Plan now addresses the priority claim of the Internal Revenue Service (Claim No. 3) by providing for full payment in Month 48.

3.      The Plan now addresses the secured claim of the Creek County Treasurer (Claim No. 4 providing for full payment in Month 48.

4.      The Plan now addresses the secured claim of the Oklahoma Tax Commission (Claim No. 1) providing for full payment in Month 48.

5.      The Plan now addresses the secured claim of the Internal Revenue Service (Claim No. 3) in full in Month 48.  At the stated interest rate, the Plan appears to underpay the claim by about $386.12.

6.      At the meeting of creditors held December 19, 2017, the Debtor testified he started a new job on or about November 1, 2017 making "at least" $12,000.00 per month.  The Trustee requested copies of all electronic pay vouchers for each pay period until the case is confirmed.

7.     At the hearing with respect to stay relief, the Debtor testified he owned intellectual property which is not scheduled as intellectual property in this case.  Additionally, the approximately three million dollars due to the Debtor in March, 2020, was not disclosed.  In light of that testimony, the proposal in the Plan that the "Whipstock" be sold by Month 48 does not appear reasonable.  It also raises the question of feasibility.

8.     The applicable boxes are checked in Part 1, Section 1.2 and Part 3, Section 3.2 to limit the claim of Chrysler Capital based on the value of the collateral, the record does not show compliance with Local Rule 3015-1(B).

9.     Even though the Plan states that it is a 100% payback, based on the record, the Trustee questions that.  It is the Trustee's position payback to all creditors must be 100%.

10.    Prior to confirmation, the Debtor must file a Pre-Confirmation Certification (Local Rule 3015-3).

WHEREFORE, the Standing Chapter 13 Trustee prays that the Court deny confirmation of the Plan.

s/ Lonnie D. Eck
Lonnie D. Eck, Standing Chapter 13 Trustee
Northern District of Oklahoma
PO Box 2038
Tulsa, Oklahoma  74101-2038
Telephone: (918) 599-9901
Fax: (918) 587-0364

## <u>CERTIFICATE OF MAILING</u>

I, Lonnie D. Eck, hereby certify that on the date the above and foregoing pleading was filed with the Court, in addition to those served electronically through the Court's CM/ECF system, a true and correct copy thereof was mailed, by first-class mail, postage prepaid to each of the following:

Charles Dennis Lott
11624 South 417th West Avenue
Bristow, OK 74010

s/ Lonnie D. Eck
Lonnie D. Eck, Trustee
